UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 14286 |
| SEAN P. KUCHARSKI, | ) | Chapter 7 |
| | ) | Judge John H. Squires |
| Debtor. | ) | |
| | ) | |
| DAVID RAYMOND LORENZ, | ) | |
| | ) | Adversary No. 10 A 01570 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN P. KUCHARSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion filed by David Raymond Lorenz (the "Creditor") asking the Court to reconsider an order it entered on October 25, 2011, that dismissed the instant adversary proceeding. For the reasons set forth herein, the Court denies the Creditor's motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

-2-

## II. FACTS AND BACKGROUND

The Creditor is the administrator of the estate of Steven R. Lorenz, his deceased seventeen year old son. (Compl. Ex. A.) On May 3, 2002, the Creditor filed a civil lawsuit under the Drug Dealer Liability Act, 740 ILCS 57/1 *et seq.*, in the Illinois state court against, among others, Sean P. Kucharski (the "Debtor") for the wrongful death of his son. (Compl. Ex. D.) On September 6, 2002, the state court entered a default judgment against the Debtor. (Compl. Ex. E.) On March 15, 2004, a hearing was held to prove the Creditor's damages against the Debtor. After a hearing, the state court entered a judgment in the sum of $16,034,197 in favor of the Creditor and against the Debtor and other individuals jointly and severally. (Compl. Ex. F.)

The Debtor filed a Chapter 7 bankruptcy petition on March 31, 2010. Thereafter, on July 30, 2010, the Creditor filed this adversary proceeding against the Debtor. The Creditor contends that the judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(6) as a result of the Debtor's criminal participation in the illegal drug market. In his answer to the complaint and in the joint pretrial statement, the Debtor admitted his participation in the illegal drug market and that such actions were deliberate and intentional. (Ans. ¶ 12; Pretrial Statement p. 4.) Further, the Debtor admitted that his participation in the illegal drug market was at the same time that the Creditor's son ingested the same type of illegal drug that the Debtor was distributing. (Pretrial Statement p. 5.)

On March 4, 2011, the Court entered a Final Pretrial Order that set this matter for trial on October 28, 2011. The Final Pretrial Order required the parties to perform the following requirements at least fourteen days prior to the trial date: (1) file with the Court copies of all exhibits they intended to introduce into evidence; (2) file with the Court the names of all

-3-

witnesses they intended to present at trial, together with a brief summary of the area of testimony each witness will present; (3) complete discovery; (4) file objections to the exhibits or witnesses within seven days of the trial date; and (5) submit to the Court within seven days of trial, proposed detailed findings of fact and conclusions of law. The Final Pretrial Order also provided for sanctions for failure to comply with the terms thereof. Several possible sanctions, including barring exhibits and witnesses, were enumerated, but were not inclusive.

On October 18, 2011, the Creditor filed a list of witnesses and a list of exhibits along with copies of those exhibits. Under the Final Pretrial Order, however, those documents were to be filed by or before October 14, 2011. The Debtor, on the other hand, timely filed his list of witnesses and exhibits on October 14, 2011. The Plaintiff subsequently timely filed proposed findings of fact and conclusions of law on October 21, 2011, but the Debtor did not file same. In addition, the parties filed an agreed motion for judgment on the pleadings on October 18, 2011. (Docket No. 30.)[1] The Final Pretrial Order required all motions to be filed and fully briefed at least sixty days prior to the commencement of the trial.

Based upon the violations of the Final Pretrial Order, the Court, under Federal Rule of Civil Procedure 16(f), made applicable by Federal Rule of Bankruptcy Procedure 7016, entered an order on October 25, 2011 (the "October 25th Order") that sanctioned the parties for their

---

[1] The motion for judgment on the pleadings was accompanied by the following exhibits: (1) the complaint in this adversary proceeding (Ex. A); (2) the answer to the complaint (Ex. B); (3) the parties' pretrial statement that was filed on December 20, 2010 (Ex. C); (4) the state court complaint filed by the Creditor against the Debtor for the wrongful death of the Creditor's son (Ex. D); (5) a copy of the default judgment entered against the Debtor and others in the state court action (Ex. E); (6) the transcript of the state court proceedings on March 15, 2004 to prove up the Creditor's damages against the Debtor (Ex. F); and (7) a copy of the state court judgment order entered against the Debtor and others in favor of the Creditor (Ex. G).

-4-

failure to timely comply with the Order. (Docket No. 37.) The October 25th Order barred the parties from presenting any witnesses, precluded them from introducing any exhibits into evidence, dismissed the complaint without prejudice, and struck the trial date. (*Id.*)

On November 4, 2011, the Creditor filed a motion to reconsider the October 25th Order.[2] Five days later, the Creditor filed the instant motion to reconsider and reopen this adversary proceeding and to vacate the dismissal of the adversary proceeding. The Debtor objects to the motion and filed a response in opposition.

### III. APPLICABLE STANDARDS

A "motion to reconsider" is not formally designated by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, except as provided in Bankruptcy Rule 3008, which allows reconsideration of orders allowing or disallowing claims against the estate. Fed. R. Bankr. P. 3008. Rule 59(e) of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 9023, permits a party to move the court to alter or amend a judgment by filing a motion to alter or amend, not one styled as a "motion to reconsider." Fed. R. Civ. P. 59(e). The Creditor fails to cite to the specific Rule he seeks relief under. The substance of the motion at bar speaks to errors of fact, a basis encompassed by Rule 59(e). *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Hence, the Court will treat the motion under Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (stating that a post-judgment motion

---

[2] On the same date, the Creditor was notified by the Clerk's Office that his motion asked the Court to reconsider its October 25th Order, but that the notice of motion reflected that he was seeking to reopen the adversary proceeding. The Creditor was asked to refile the motion so that both the notice of motion and motion sought the same relief. As a result, the instant motion was filed on November 9, 2011. (Docket No. 47.)

-5-

should be analyzed according to its substance, not its timing or label); *Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006) (same).

Rule 59(e) motions serve a narrow purpose and must clearly establish a manifest error of law or fact, newly discovered evidence, *Obriecht*, 517 F.3d at 494; *Sigsworth*, 487 F.3d at 512, or an intervening change in the controlling law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). The decision to grant or deny a Rule 59(e) motion is within the court's discretion. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "The rule essentially enables a . . . court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Indeed, the Rule permits a party to bring to the attention of the trial court "factual and legal errors that may change the outcome so they can be corrected. It does not allow a party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to the judgment." *Herbstein v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D. Ill.), *aff'd*, 266 B.R. 676 (N.D. Ill. 2001), *aff'd*, 32 Fed. Appx. 158 (7th Cir. 2002). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted).

The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and

-6-

should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977.

## IV. DISCUSSION

The Creditor contends that the Court erred when it dismissed this adversary proceeding. According to the Creditor, he fully complied with the procedures discussed at the pretrial conference. Even if the Creditor failed to comply with the Final Pretrial Order, he maintains that no party was prejudiced by a four-day delay in the submission of his witness and exhibit lists. The Court finds that the Creditor failed to establish any factual or legal errors that need to be corrected. *See Bruetman*, 259 B.R. at 673.

First, the Creditor argues that at the pretrial conference on March 4, 2011, the parties agreed that the facts were not in dispute, that there was no need for a trial, and that they were going to submit stipulated facts to the Court. According to the Creditor, on October 18, 2011, the parties submitted a joint stipulation of the evidence which the Creditor "inartfully titled" a joint motion for judgment on the pleadings. (Docket No. 30.) The Court finds this last statement incredible. The agreed motion for judgment on the pleadings referenced Federal Rule of Civil Procedure 12 several times, including in the caption of the motion and in the prayer for relief, and

-7-

the motion specifically requested the Court to enter judgment in favor of the Creditor. Furthermore, on October 21, 2011, the Creditor filed a proposed order for the Court to sign that once again requested the entry of judgment on the pleadings under Rule 12 in the Creditor's favor. (Docket. No. 33.)

The Final Pretrial Order required all dispositive motions, including motions for summary judgment and judgment on the pleadings, to be filed and fully briefed at least sixty days prior to the trial date. The requirements of the Final Pretrial Order are clear. Despite their clarity, the Creditor ignored them. His attempt to end-run that Order by alleging that he intended to file a stipulation of evidence instead of a motion for judgment on the pleadings will not be countenanced.³ The Court rejects the Creditor's assertion that he incorrectly titled the document a motion for judgment on the pleadings instead of a stipulation of evidence. Such an argument contradicts the plain and unambiguous language of the document.

Next, the Court rejects the Creditor's contention that it informed the parties at the pretrial conference on March 4, 2011, that they were not required to comply with the Final Pretrial Order.⁴ The Court recalls a colloquy with the parties with respect to disposing of the adversary proceeding on a motion for summary judgment or a motion for judgment on the pleadings. The Court entered

---

³ In his response to the instant motion, the Debtor tellingly states that his counsel intended to file a motion for judgment on the pleadings, but realized that the deadline for such a motion had passed approximately ten days prior to his drafting the motion. (Resp. to Mot. for Reconsideration ¶ 2.)

⁴ The Court notes that the Creditor failed to provide a copy of the transcript of the pretrial conference. Despite the Creditor's assertion in the motion that a recorded transcript of the conference does not exist, the Court always has a court reporter present when it hears any matters, including pretrial conferences. Therefore, a transcript of the March 4, 2011 pretrial conference does exist.

-8-

the Final Pretrial Order which set this adversary proceeding for trial and set certain deadlines for the submission of dispositive motions and any evidence to be introduced at the trial. The Court did not instruct the parties that they did not have to comply with the Final Pretrial Order.

The Court relies on the Final Pretrial Order and the materials filed under it in order to properly prepare for trial. *See Michael v. Khan (In re Khan)*, 321 B.R. 709, 711 (Bankr. N.D. Ill. 2005). More important, the parties depend on the Final Pretrial Order for their trial preparation. *See id.* Pretrial orders are designed to prevent unfair surprise and give parties an opportunity to fairly prepare for and defend against new claims. *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443-44 (7th Cir. 1995). To allow the Creditor to flout this Court's Final Pretrial Order would be prejudicial to the Debtor who in fact filed his lists of exhibits and witnesses in a timely manner.

The Court rejects this disingenuous attempt by the Creditor to excuse or overlook his untimely compliance with the Final Pretrial Order, which was entered seven months prior to the scheduled trial. The Creditor had ample time to familiarize himself with the deadlines set forth in the Final Pretrial Order. The Creditor's delay in waiting until ten days before trial to file his motion for judgment on the pleadings and his witness and exhibit lists produced the Court's sanction of dismissal of this adversary proceeding.

The imposition of sanctions for the failure to comply with the Court's final pretrial order has been upheld by the Seventh Circuit Court of Appeals. *See In re Maurice*, 21 F.3d 767 (7th Cir. 1994). Specifically, that court noted that "[w]hen one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction." *Id.* at 773. "Federal trial courts have broad (though not limitless)

-9-

discretion in choosing a suitable sanction for a party's violation of a pretrial order." *Khan*, 321 B.R. at 711. The excuses offered here by the Creditor are not justifiable, and, if accepted, would virtually eviscerate the purposes for which final pretrial orders are entered. "If the Court's Pretrial Orders were not enforced with sanctions, they might routinely be ignored and, consequently, trials would become riddled with unfair surprises that would impede and hamper the judicial process." *Schilling v. O'Bryan (In re O'Bryan)*, Nos. 98-30660, 98-3207, 1999 WL 1577951, at *7 (Bankr. W.D. Ky. Jan. 29, 1999).

The Creditor cites to several cases for the proposition that a dismissal with prejudice is a harsh sanction that should only be utilized in extreme circumstances when there is a clear record of delay or contumacious conduct, or when less drastic sanctions have proven unavailing. *See Webber v. Eye Corp.*, 721 F.2d 1067 (7th Cir. 1983); *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272 (7th Cir. 1986); *Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873 (7th Cir. 1988). The cases are inapposite to the matter at bar. First, the Court did not dismiss this adversary proceeding with prejudice. Rather, it was dismissed without prejudice. Second, these cases do not address a party's failure to comply with a court's pretrial order. Finally, and most important, the Creditor does not acknowledge or distinguish the *Maurice* case, which clearly controls here.

Accordingly, the Court finds that it was well within its discretion and did not abuse such discretion when it barred the parties from presenting any witnesses, precluded them from introducing any exhibits, and with the Creditor unable to meet his burden of proof as a result of the sanctions, dismissed the complaint without prejudice.

-10-

Even if the Court would have allowed the Creditor to proceed on his motion for judgment on the pleadings, he would not have been able to meet his burden of proof under § 523(a)(6). Section 523(a)(6) of the Bankruptcy Code excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). To prevail on a claim under § 523(a)(6), a creditor must prove three elements by a preponderance of the evidence: (1) that the debtor intended to and caused an injury to the creditor's person or property interest; (2) that the debtor's actions were willful; and (3) that the debtor's actions were malicious. *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 480 (Bankr. N.D. Ill. 2011); *Birriel v. Odeh (In re Odeh)*, 431 B.R. 807, 817 (Bankr. N.D. Ill. 2010); *Mut. Mgmt. Servs., Inc. v. Fairgrieves (In re Fairgrieves)*, 426 B.R. 748, 756 (Bankr. N.D. Ill. 2010).

"Injury" has been defined as "the violation of another's legal right or the infliction of an actionable wrong." *Fairgrieves*, 426 B.R. at 757. Injuries contemplated by § 523(a)(6) are not confined to physical damage; an injury to intangible personal or property rights will suffice. *Id.*

"The word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Under *Geiger* and its stringent standard, to satisfy the requirements of § 523(a)(6), a creditor must plead and prove that the debtor actually intended to harm him and not merely that the debtor acted intentionally and the creditor was thus harmed. *See id.* at 61-62. In other words, the debtor must have intended the tortious consequences of his act. *See id.; see also Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 964 (7th Cir. 2004). Injuries either negligently or recklessly inflicted do not fall within the ambit of § 523(a)(6). *Geiger,* 523 U.S. at 64.

-11-

The United States Supreme Court has not defined the scope of the term "intent" used to describe willful conduct. *Fairgrieves*, 426 B.R. at 757; *Zamora v. Jacobs (In re Jacobs)*, 403 B.R. 565, 581 (Bankr. N.D. Ill. 2009). Recent decisions, however, have generally found that either a showing of subjective intent to injure the creditor or a showing of subjective knowledge by the debtor that injury is substantially certain to result from his acts can establish the intent required by *Geiger*. *Fairgrieves*, 426 B.R. at 757 (collecting cases).

As to the malice element, conduct is "malicious" if it is taken "in conscious disregard of one's duties or without just cause or excuse. . . ." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (internal quotation omitted). The test for malice under § 523(a)(6) is: (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause or excuse. *Park Nat'l Bank & Trust of Chi. v. Paul (In re Paul)*, 266 B.R. 686, 696 (Bankr. N.D. Ill. 2001). A debtor does not have to act with ill will or a specific intent to do harm to the creditor for the conduct to be malicious. *Thirtyacre*, 36 F.3d at 700. Rather, the key to maliciousness is "consciousness of wrongdoing." *Centier Bank v. Young (In re Young)*, 428 B.R. 804, 818 (Bankr. N.D. Ind. 2010).

"Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact." *Thirtyacre*, 36 F.3d at 700. Because a person will rarely admit to acting in a willful and malicious manner, those requirements must be inferred from the circumstances surrounding the injury. *Cutler v. Lazzara (In re Lazzara)*, 287 B.R. 714, 723 (Bankr. N.D. Ill. 2002).

The Debtor, in his answer to the complaint and in the pretrial statement, does not dispute that his participation in the illegal drug market was deliberate and intentional. (Ans. ¶ 12; Pretrial

-12-

Statement p. 4.) Under *Geiger's* rigorous standard, the Creditor must establish that the Debtor actually intended to harm his son and not merely that the Debtor acted intentionally by selling illegal drugs in the market and that his son was thus harmed. 523 U.S. at 61-62. The Court finds that based on the evidence presented in the motion for judgment on the pleadings, the Creditor is unable to prove that his son's death resulted from a deliberate or intentional injury by the Debtor, not merely a deliberate or intentional act of the Debtor that led to the injury. There is no evidence that the Creditor's son and the Debtor ever met or had any dealings with each other. Other than the fact that both the Creditor's son and the Debtor were involved in the use and sale of the same type of drug in the illegal drug market, the Creditor has failed to prove that the Debtor intended to harm his son. None of the evidence demonstrates that the Debtor intended to injure the Creditor's son.

Thus, the Court finds that even if it would have allowed the Creditor to proceed on the merits of his motion for judgment on the pleadings, he would not have met his burden of proof under § 523(a)(6). Therefore, the Court would have found the debt owed by the Debtor to the Creditor dischargeable.

## V. **CONCLUSION**

For the foregoing reasons, the Court denies the Creditor's motion to reconsider the October 25th Order.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

-13-

ENTERED:

DATE: 12/7/11

John H. Squires
United States Bankruptcy Judge

cc:   See attached Service List

# SERVICE LIST

### In re David Raymond Lorenz v. Sean P. Kucharski
### Adversary No. 10 A 01570

C. Kreamer
Best, Vanderlaan & Harrington
2100 Manchester Road, Suite 1420
Wheaton, IL 60187

Brenda Porter Helms, Esq.
c/o Albany Bank & Trust
3400 W. Lawrence Avenue
Chicago, IL 60625

Paul R. Idals, Esq.
Law Office of Paul R. Idlas
1099 N. Corporate Circle, Suite K
Grayslake, IL 60030

Patrick S. Laying, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604